# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| H & Q PROPERTIES, INC., a Nebraska corporation, MARK HOULTON and JOHN QUANDAHL, ) ) ) ) ) | Case No. 8:13-cv-00038-LSC-FG3 |
| Plaintiffs, ) ) | PROTECTIVE ORDER |
| v. ) ) | |
| DAVID E. DOLL, an individual, DOUBLE D PROPERTIES, L.L.C., a Nebraska limited liability company, DDE, INC., a Nebraska corporation, f/k/a Double D. Excavating, Inc., HNGC, INC., a Nebraska corporation, f/k/a Double D Hook-N-Go Containers, Inc., NEBRASKA LOWBOY SERVICES, INC., a Nebraska corporation, DOUBLE D EXCAVATING, INC., an Iowa corporation, LOAD RITE EXCAVATING, L.L.C., a Nebraska limited liability company, f/k/a Down Dirty, L.L.C., DOLL CONSTRUCTION, L.L.C., a Nebraska limited liability company, NEW ERA EXCAVATION COMPANY, a Nebraska corporation, and MALVERN TRUST & SAVINGS BANK, an Iowa state-chartered bank, ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. ) | |

This matter comes before the Court upon Plaintiffs' motion (filing 135) seeking the Court's entry of protective order with respect to the production commanded via subpoenas duces tecum (filing 73 through 77) of third parties, including Meyers-Carlisle-

1

Leapley Construction Company, Inc.; MCL, Inc., Century Holdings, LLC; Robert J. Carlisle; and Gary N. Leapley (hereinafter the "MCL Entities").

The Court, being fully advised in the premises, as well as upon Plaintiffs' representation that counsel for the MCL Entities is without objection to the relief requested, finds that said order should be issued. With respect to materials produced by the MCL Entities pursuant to subpoenas duces tecum (filing 73 through 77),

**IT IS HEREBY ORDERED** as follows:

1. **DEFINITIONS**. Limitations under this Protective Order on the use or disclosure of documents or other materials designated as "Confidential" shall apply to: (a) all information, copies, extracts and complete or partial summaries prepared or derived from such documents or testimony; (b) portions of deposition transcripts, answers to interrogatories, responses to requests for admissions, responses to requests for production, initial disclosures and exhibits thereto which directly refer or directly relate to any such information, documents, copies, extracts or summaries; and (c) portions of briefs, memoranda or any other writing filed with the Court and exhibits thereto which directly relate to any such information, documents, copies, extracts or summaries.

2. **CONFIDENTIAL DOCUMENTS**. Before produced documents are copied or inspected, the producing party may stamp as "Confidential" any document or deposition testimony it believes contains confidential or proprietary business information and/or trade secrets in order to limit disclosure as set forth in this Paragraph 2. Documents may also be designated as "Confidential" by written notice to opposing counsel which identifies the documents so designated by Bates number. Documents designated "Confidential," deposition testimony so designated, and information derived therefrom will be retained by counsel and will not be used for any purpose other than this litigation and will not be disclosed except pursuant to court order entered after notice, to anyone except:

>   a. Counsel for the parties in the above-captioned matter, attorneys who are employed or are members of the law firms

        of counsel for the parties in the above-captioned matter, in house counsel, law clerks, secretaries or paralegals directly involved in the conduct of this litigation;

b.    Experts and consultants retained by the parties for purposes of assisting in the preparation or presentation of claims or defenses;

c.    Any deposition or trial witness, during the course of deposition or trial testimony, when necessary to the testimony of such witness;

d.    Any person who was involved in the preparation of the document;

e.    The Court, Court personnel, court reporters and similar personnel;

f.    The named parties to this case, including their employees and representatives; and

g.    Any other person with the prior written consent of the party producing the document, pleading or deposition testimony.

Prior to receiving or being shown such documents or deposition testimony, persons falling in the categories listed above in subparagraphs (b), (c), (f) and (g) shall be shown a copy of, and shall agree in writing, or on the record during trial or deposition, to be bound by the terms of this Protective Order. During a deposition, any party asserting confidentiality of any of its documents shall ask the deponent on the record to accept the terms of this Order. If the deponent refuses to assent, disclosure of the documents during deposition shall not constitute a waiver of confidentiality.

    3.    **CHALLENGE TO DESIGNATION**. Any party may challenge the "Confidential" designation of any document, by notifying all interested parties and providing the producing party ten (10) days in which to move the Court for an Order preventing or limiting disclosure. The parties shall attempt to resolve such disagreement before submitting it to the Court. If the producing party files such a motion within such time, the documents shall continue to be treated as "Confidential" pursuant to the terms of

this Order until such time as the Court has made a ruling with respect to the motion. If no motion is filed within that time the "Confidential" restriction of this Order shall no longer apply to such document.

   4.  **RETURN OF DOCUMENTS**.  Upon completion of the litigation all documents and copies of the same designated "Confidential" shall be destroyed or returned to counsel for the producing party with signed statement reflecting the disposition. This Order shall not terminate upon the conclusion of this action but shall continue until the further order of the Court or until the party claiming confidentiality has waived the same in writing.

   5.  **EXCEPTIONS**. The restrictions embodied in this Order shall be binding on the party to whom "Confidential" information is disclosed unless and until there is a showing that:

     a.  Such information was or has become public knowledge absent a breach of this Protective Order; or

     b.  The party to whom such disclosure was made had already learned such information from a third party who himself has not breached any confidential relationship which may have existed or exists between such third party and the party making the disclosure.

   6.  **NON-EXCLUSIVITY**. This Order does not affect the right of a party to seek to compel disclosure or production of a document or to seek an order modifying or limiting this Order in any aspect. The obligations and prohibitions under this Order are not exclusive. All other ethical, legal and equitable obligations are unaffected by this agreement.

   7.  **WAIVER**. Any waiver under this Order must be made in writing or, if at a deposition or in Court, on the record.

   8.  **ENFORCEMENT**. Any party or person subject to the obligations and prohibitions of this Order who is determined by the Court to have violated its terms is

subject to sanctions imposed by the Court pursuant to the Nebraska court rules of discovery in civil cases.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Compel Subpoena Production ([filing 127](#)), which is regarding the materials covered by this Protective Order that the MCL Entities have now purportedly agreed to produce, is denied as moot.

**DATED March 3, 2014.**

**BY THE COURT:**

**S/ F.A. Gossett**
**United States Magistrate Judge**